McRae v. Murdoch Campbell Co.

---

### John D. McRae et al. v. The Murdoch Campbell Co.

1. Mechanics' Liens—*Improvements by Tenants.*—The statute authorizing mechanics' liens does not permit a lien to attach to lands in the possession of tenants under a lease for improvements made by such tenants unless the owner has authorized or knowingly permitted such improvements. To knowingly permit improvements on property, in the sense of the statute, is, as applied to this case, something more than to have knowledge that the work is being done and not refrain from forbidding or protesting against its being done.

Mechanic's Lien.—Error to the Circuit Court of Cook County; the Hon. Richard W. Clifford, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Reversed and remanded. Opinion filed December 18, 1900. Rehearing allowed January 4, 1901. Opinion on rehearing filed March 12, 1901.

CRATTY, JARVIS & CLEVELAND, attorneys for plaintiffs in error.

WINSTON & MEAGHER, attorneys for defendant in error.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

The findings of fact made by the master in chancery to whom this cause was referred, from the evidence produced before him, were in substance as follows :

"That in the latter part of March, 1896, complainant (defendant in error) and John D. McRae entered into an oral contract to put in a store front in building situated on the premises last above described, known as 733 W. Van Buren street, the terms of which were that complainant was to furnish labor and material, and render a bill to John D. McRae & Bro. for the cost of labor and material, with ten per cent added for the profit of complainant; that on or about April 25, 1896, complainant proceeded to put in a store front at 733 W. Van Buren street and completed the work May 25, 1896; that the costs thereof with said profits amounts to $753.43; that $13.47 was subtracted therefrom by complainants, and an itemized bill for $740 was rendered to John D. and William M. McRae about September 12, 1896; that about September 16, 1896, John D. and William M. McRae paid thereon $100, which sum is credited; that the said bill for labor and material furnished at 733 W. Van Buren street were fair and reasonable prices for the same at the time; that on September 25, 1896, complainant filed a claim for a lien in the Circuit Court of Cook County against John D. McRae et al.; that the title to said property is in Catherine McRae, under the last will and testament of William McRae, for life, with power of disposal, and remainder over to her children, John D. and William M. McRae, Katie McRae Chamberlain and Bella McRae Law in fee simple; that the improvements upon said premises were made with the full knowledge of Catherine McRae."

The decree confirmed the master's report and ordered a sale of the premises.

The petition, as originally filed, alleged (as found by the master and approved by the decree) that a verbal contract was made by the petitioner corporation with John D. McRae to furnish all material and labor to build for him and

William M. McRae the alleged improvement upon certain described premises at a reasonable price therefor. And it was alleged that Catherine McRae holds a life estate and said John D. and William M. McRae and Katie McRae Chamberlain and Bella McRae Law have an interest in the premises, the exact nature of which is unknown to petitioner, as devisees of William McRae, deceased.

The petition was subsequently amended by adding thereto and making a part thereof, a copy of the claim of lien which the petitioner had filed in the Circuit Court clerk's office.

By that claim of lien it was set forth that the contract for the improvement mentioned was entered into between the petitioner and John D. McRae, William M. McRae, Katie McRae Chamberlain, Bella McRae Law and Catherine McRae.

It will be observed that in the original petition the allegation was that the contract was made with John D. McRae alone, and the master, and the court by its decree so found.

Now, if, as argued by counsel for petitioner, the amendment was equivalent to an allegation that the contract was with the owners, the decree is at variance with the proofs. There is no proof of a contract with anybody except with John D. McRae, and the master so found, and so does the decree.

For the purpose, seemingly, of meeting this difficulty, the petitioner obtained leave at the time of the hearing by the court of exceptions to the master's report, to make a further amendment to the petition, and did so by averring that " defendants Catherine McRae, Katie McRae Chamberlain and Bella McRae Law, had knowledge that said improvements were being made upon said premises, and they and each of them knowingly permitted the said improvements to be made and the said contract to be carried out upon the premises as herein described at the time specified."

This is the first time that there was any explicit allegation that the improvement was " knowingly permitted " by the owners.

But passing that by, and also omitting all consideration

of whether this last amendment introduced into the case a new issue which it was error to deny the plaintiffs in error, or some of them, an opportunity to take additional proof upon, let us see what effect this last amendment had upon the case.

Without treating of it in all its aspects, the case, as it then stood, may, perhaps, be construed as a petition based upon a contract with John D. McRae for the making of improvements, which the owners Catherine McRae, Katie McRae Chamberlain and Bella McRae Law had knowledge of and knowingly permitted to be done.

It will be noticed that the master reported, as to the knowledge of said owners, that Catherine McRae, only, had any knowledge of the making of the improvements. The decree also finds that the improvement was made with the full knowledge and consent of Catherine McRae, but does not make any finding with reference to the knowledge or permission of either Katie McRae Chamberlain or Bella McRae Law. But the decree proceeds and orders a sale of the whole premises. We think so doing was plainly erroneous.

Whatever the evidence may show as to the knowledge that Catherine McRae and Bella McRae Law had of the improvement being made, there seems to be no evidence even tending to show that Katie McRae Chamberlain ever knew of, consented to or knowingly permitted the work to be done, or knew that a contract therefor had been made for its doing.

To sell her property under such circumstances would be a grievous wrong to her.

The petitioner was bound to choose whether it would claim a lien upon the theory, either that its contract was with the owners, or was with somebody else, and that the owners consented to and knowingly permitted the improvement to be made; but it could not do both.

No case was made, upon the record before us, to sustain the decree under either theory.

The decree will be reversed and the cause remanded.

McRae v. Murdoch Campbell Co.

**Opinion on Rehearing.**—Upon a further examination of the evidence, and of the concluding portions of the master's report, and of the decree that was entered thereon, it is apparent that we were in error in saying that the contract was made with John D. McRae alone.   It was with John D. McRae and William M. McRae, doing business as partners under the name of John D. McRae & Bro. (represented by John D. McRae), that the defendant in error contracted to do the work in question.

All that we said to the contrary in our former opinion, in respect thereof, needs to be and is modified accordingly. Any conclusion which legitimately follows from such a change, in our opinion, should necessarily be considered and embodied in any decree to be hereafter entered by the Circuit Court, upon the same, or like evidence.

It is insisted that the interests in the land, of the other defendants, Catherine McRae, Katie McRae Chamberlain and Bella McRae Law, were properly bound by the decree, because of their having knowingly permitted the improvement to be made.   What we said in the former opinion concerning the knowledge, consent or permission of Katie McRae Chamberlain, to the work being done, must stand.

As to Catherine McRae and Bella McRae Law, there may, with much propriety, be added to our former opinion some consideration of the effect of the statute which permits a lien to attach to land upon which improvements are knowingly permitted by the owner thereof to be made.   The master reported, as to Catherine McRae, that the improvements were made with her "full knowledge," but made no finding upon that subject as to Mrs. Chamberlain or Mrs. Law, although he found that both their interests were subject to the lien.

We think the evidence shows that both Mrs. McRae and Mrs. Law had knowledge that alterations in the building of some kind, were being made at the time the work, or some part of it, was in progress.   Is that enough?   We think not.   The statute gives a lien to "any person who shall, by any contract with the owner of a lot or tract of

land, or with one whom such owner has authorized or knowingly permitted to improve the same," etc. To knowingly permit improvements on property, in the sense of the statute, is, as applied to this case, something more than to have knowledge that work is being done, and not refrain from forbidding or protesting against its being done.

The work that was here contracted for and done, consisted in the substitution of a "modern front" for an old one, to a store that belonged to Catherine McRae, and was occupied and used by the partnership firm of John D. McRae & Bro., in their business as undertakers. It does not appear that the firm had possession of the store under any agreement which provided for the making of the improvement, whereby consent was given by Mrs. McRae or Mrs. Law to the making of the improvement. It does appear that the firm rented the store, and had no interest in it except as tenants.

It is simply the case of improvements made by tenants upon a leased store, for their trade purposes. Very likely the improvement constituted more than the mere putting in of trade fixtures, that might be removed by the tenants, but it was plainly unlike the New York cases, cited by appellee, where the improvements were either contracted concerning, in the leases from the owners, or were improvements which, from their permanency and value, perhaps, gave rise to a presumption of consent by the owner, he being present, and in a measure superintending them.

It would be a most onerous rule to adopt, as the meaning of the statute, that whoever lets his store, and sees the tenant putting in an improvement, must forbid the work being done, or expressly disclaim all responsibility for it, or else run the risk of having the fee to his land swept from him by a mechanic's lien. We can not subscribe to such a construction of the statute. It is plain to us that appellee acquired no right to a lien upon anything except the interest of John D. and William M. McRae in the premises.

As to the reasonableness of the prices charged for the

work done, and the amount due to the appellee, we are satisfied with the report of the master and the decree in that respect.

Some other questions that have been argued may be properly considered when, if ever, the case comes here again after a decree that shall provide for a sale of the interest of John D. and William M. McRae. Unless there is hereafter other evidence upon which a decree can be based than is contained in the record before us, no decree providing for a sale of the interest of Catherine McRae, Catherine McRae Chamberlain, or Bella McRae Law, or either of them, can be sustained.

For the error in decreeing their interests to be sold, the present decree is reversed and the cause remanded.