Henry Janisch and Charles Janisch, Trading as H. Janisch & Company, Appellees, v. Kathryne A. Reynolds and George W. Reynolds, Appellants.

Gen. No. 33,456.

Opinion filed October 14, 1929.

JOHN F. ROSEN, for appellants.

A. S. and E. W. FROEHLICH, for appellees.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This appeal is by the defendants, George W. Reynolds and Kathryne A. Reynolds, husband and wife, from a decree finding a mechanic's lien against certain real estate owned by the wife and granting foreclosure of the same as prayed by the bill. The cause was heard on exceptions to the report of the master, which were overruled, and the report confirmed.

On August 12, 1926, Kathryne A. Reynolds was the owner of premises in Chicago known as 7012 South Shore Boulevard. These premises were improved by a three-story stone and brick apartment building which was in part occupied by the owner and her husband as a home. The owners of the adjoining premises to the north were about to erect a sixteen-story building, and on August 6, 1926, they mailed written notice to the

owners and occupants of the Reynolds property that the improvement was about to be made and that the basement wall of the new building would extend 18 feet below the surface. The notice stated that the owners and occupants of defendants' premises should take necessary steps to protect their building.

Kathryne A. Reynolds was absent at this time from the city and her husband received one of these notices. On August 13, thereafter, the contract to do the work necessary to protect defendants' wall was executed. It states that it is made between Kathryne A. Reynolds, G. W. Reynolds, and complainants, and purports to be signed by all the parties. It is under seal, and the name of Kathryne A. Reynolds was attached to it by her husband.

The work was sublet to one Nelson; it was begun on August 13, 1926, and completed on September 17 thereafter. There is no doubt as to the necessity for doing this work, no proof tending to show that the work was not well done or that it was not worth the amount agreed to be paid for doing it.

The master found that the husband was without authority from Mrs. Reynolds to execute the contract, and the defense urged is based upon this finding. The master also found, however, that Mrs. Reynolds returned to her home August 30, 1926, while the work being done upon her premises was in progress and remained in the building until the work was finished; that on one occasion she complained to a workman as to the manner in which the work was done, but in view of her testimony to the effect that she did not inquire of her husband or anyone else as to the person doing the work or why it was being done, the master was of the opinion that the evidence was not sufficient to justify a finding that the contract was executed with her knowledge, permission and authority. The master further found that Mrs. Reynolds knew the work was

in progress, and as she did not protest in writing was therefore liable under section 3 of the Mechanics' Liens Act, Cahill's St. ch. 82, ¶ 3, and was estopped from objecting to complainants' claim on account of lack of authority on her husband's part to make the contract. He therefore found that the complainants were entitled to a lien under section 1 of the act, Cahill's St. ch. 82, ¶ 1.

The master also specifically found that at a hearing concerning the adjoining property before the board of zoning appeals on August 31, 1926, Mr. Reynolds testified in the presence of Mrs. Reynolds to the effect that he owned the property and that he had been notified to protect its walls; that the work was then in progress and was costing him $3,500.

The defendants argue that the averments of the bill, the proof and the decree do not correspond, in that the bill averred that the contract was made by defendants for the improvement, while the proof showed, as the master found, that there was no contract made with Mrs. Reynolds. The finding of the master on this point was objected to by complainants and overruled by the master and the chancellor. Cross errors have been assigned thereon but are not argued.

The averments of the bill are that "George W. Reynolds, husband of said Kathryne A. Reynolds, did, by and with her authority, knowledge and permission, then and there in the name of both of them, make and enter into a written contract with complainants bearing date the day aforesaid, wherein and whereby complainants did contract, undertake and agree," etc.

Defendants cite and rely on cases holding that a contract is indispensable to the creation of a lien. Such is the rule as stated in *Campbell v. Jacobson*, 145 Ill. 389. However, all the cases cited to this point, with the exception of *McRae v. Murdock Campbell Co.*, 94 Ill. App. 105 (which is easily distinguishable), involve

transactions taking place prior to the enactment of the present lien law and are therefore not applicable.

Prior to amendments, the effect of which we must consider, there was much conflict in the authorities of this and other jurisdictions as to circumstances under which a husband might subject the real estate, to which his wife holds title, to a lien by contracting in her behalf. Sometimes she was held liable where the improvement was made with her knowledge and permission, under circumstances held to amount to an estoppel, sometimes upon the theory that she had ratified the contract made by her husband through acquiescence and acceptance of benefits. The cases are collected in the note to *Rust-Owen Lumber Co. v. Holt*, 60 Neb. 80, 83 Am. St. Rep. 512. Sections 1 and 3 of the present Mechanics' Liens law, Cahill's St. ch. 82, ¶¶ 1 and 3; which must be construed together, seem to lay down a simple and just rule applicable to such a situation. Section 1 provides for a lien where a "contract or contracts, express or implied, or partly expressed or implied" are made by the owner, or with one whom the owner "knowingly permitted to contract for the improvement." It also provides that the lien given shall be superior to any right of dower of husband or wife in the premises, "provided, the owner of such dower interest had knowledge of such improvement and did not give written notice of his or her objection to such improvement before the making thereof."

Section 3 of the same act, Cahill's St. ch. 82, ¶ 3, expressly provides, "If any such services or labor are performed upon or materials are furnished for lands belonging to any married woman, with her knowledge and not against her protest in writing as provided in section 1.of this act, in pursuance of a contract with the husband of such married woman, the person furnishing such labor or materials shall have a lien upon

such property, the same as if such contract had been made with [the] married woman." These two sections must be construed together.

The defendants say that the enlargement of the statute does not change the basic principle that the right to a lien must rest on an express contract and that such a contract is a condition precedent to knowledge on the part of the wife from which a lien may be derived. They cite *Rittenhouse & Embree Co. v. Warren Const. Co.*, 264 Ill. 619, and say in their reply brief:

"In our original brief, at page 36, we ventured the assertion that 'No case can be found in this state holding that real estate is subject to a mechanic's lien merely because the owner stood by and saw work being done on her premises, unless it was first shown that the work was being done in pursuance of a contract with the owner or with one whom the owner authorized or knowingly permitted to contract for such improvements.' Counsel for appellees have not met this assertion, and we now reiterate that no such case can be found."

It would not, we think, be difficult to distinguish the cases relied on from the record before us. It will be sufficient to say that defendant is not held liable without a contract; on the contrary, the proof is undisputed that the husband entered into a contract, and that the wife having knowledge of its essential provisions, made no protest. Not only did she fail to protest, but she accepted the benefits of this contract made in her behalf with full knowledge, as the master found, of the essential provisions of the contract. The law therefore presumes her assent to the contract made in her behalf. She is presumably held to know the statute which provides a way in which she could have avoided liability if she desired to do so. She did not avail herself of this provision and is therefore bound by the contract made in her behalf by her husband.

If we have correctly interpreted the statute, there was no variance between any allegation of the bill, the proof and the decree.

We may add, however, that the question of variance is hardly preserved for our consideration upon this record, since it is not specially pointed out in the exceptions to the master's report. We do not understand that the question is preserved by objections made to the introduction of evidence, as defendants contend. *Hines Lumber Co. v. Great Lakes Chemical Works,* 237 Ill. App. 246, and cases there cited.

The defendants, however, further urge that the suit was prematurely brought, since by the terms of the contract final payment was not due until two days after the filing of the suit. This defense was, however, not averred in the answer. The Mechanic's Lien law, Cahill's St. ch. 82, ¶ 1 *et seq.,* apparently contemplates only one suit. *Granquist v. Western Tube Co.,* 240 Ill. 132. The defense seems inconsistent with the repudiation of the contract upon which the defendants rely. *Lohr Bottling Co. v. Ferguson,* 223 Ill. 88, and sections 9 and 11 of the Mechanics' Liens Act, Cahill's St. ch. 82, ¶¶ 9 and 11, would seem to authorize a suit under such circumstances. Such also seems to be the construction put upon somewhat similar laws in other jurisdictions. *Northern Lumber Mills v. Rice,* 41 Ont. Law 301, 40 Dom. 128; *Burritt v. Renihan,* 25 Grant's Chancery Reports (Ontario), p. 183.

There is no reversible error in the decree, and it will be affirmed.

*Affirmed.*

McSurely, P. J., and O'Connor, J., concur.