Argued January 19, affirmed March 13, 1923.

# EVERSON ET AL. *v.* HAUN ET AL.

(213 Pac. 135.)

**Husband and Wife—Grantor's Wife not Signing Contract to Convey Held Estopped from Denying Its Adoption and Ratification.**

1.  Wife of grantor *held* estopped to deny that she adopted, by ratification and acceptance of consideration, a contract to convey and exchange property, executed by the husband prior to the execution of the deed conveying the property.

**Equity—One Seeking Equity must Do Equity.**

2.  He who seeks equity must do equity.

**Cancellation of Instruments—Grantor's Asking Cancellation of Deed Acquired by Grantee Without Legal Delivery Held Properly Required to Make New Deed.**

3.  Where, in pursuance of a *bona fide* executed agreement to convey property, plaintiff executed a deed to defendant, but deposited it with the bank which, without authority from plaintiff, delivered the deed to defendant, who performed their part of the agreement, before plaintiffs could have a cancellation of the deed, which, though technically void for want of delivery, was precisely the deed which honesty and fair dealing required them to deliver, it was proper to require them to make defendants safe in their title by tendering a new deed.

**Equity—Administers Complete Relief by Whatever Means Relief may be Achieved.**

4.  Equity having obtained jurisdiction, it proceeds to administer complete relief by whatever means that relief may be achieved, whether it be by requiring specific performance as a collateral matter, the payment of money, the execution of a deed, or any other matter.

From Tillamook: GEORGE R. BAGLEY, Judge.

Department 2.

This litigation began in a suit by the plaintiffs to have declared void and canceled a deed made by them to defendants, transferring certain property in Tillamook County, which deed they claim was placed by them in escrow with the Enterprise State Bank and delivered by said bank in violation of the terms of the

---

1.  Estoppel against married women, see note in 57 Am. St. Rep. 169.

escrow and without authority to the defendants, by whom it was recorded. The substantial allegations of the complaint are as follows:

"I.

"At all of the times herein mentioned the plaintiff Canzada Everson was, and she now is, the owner and in possession of the following described real property, situate in the county of Tillamook and state of Oregon, to wit: Lots One and Two of Block Eight in Thayer's Addition to Tillamook City, Oregon.

"II.

"At all of the times hereinafter mentioned the plaintiffs were, and are now, husband and wife.

"III.

"At all of the times hereinafter mentioned the defendants were, and are now, husband and wife.

"IV.

"On or about March fourth, nineteen hundred and twenty, the plaintiffs prepared a deed for said premises, naming the defendant J. F. Haun as grantee therein; the execution of this deed was acknowledged by the plaintiff Alexander C. Everson on March fourth, nineteen hundred and twenty, and by the plaintiff Canzada Everson on March sixth, nineteen hundred and twenty.

"V.

"Thereafter the plaintiff Canzada Everson sent said deed to Coit L. Everson, a son of the plaintiffs, at Evans, Oregon, with instructions to said Coit L. Everson to place the same with Enterprise State Bank, at Enterprise, Oregon, for safe keeping, but not for delivery except upon instructions therefor from the plaintiff Canzada Everson; and said deed was deposited by said Coit L. Everson with said Enterprise State Bank at Enterprise, Oregon, for care and safe keeping, with instructions to said bank to hold the same and not to deliver the same, except upon instructions for such delivery by the plaintiff Canzada Everson.

"VI.

"The plaintiffs have never delivered said deed to the defendant James F. Haun; nor have they ever consented to a delivery of said deed to said defendant; nor have they ever instructed said Coit L. Everson, or said Enterprise State Bank, or any other person or corporation to deliver the said deed to the defendant J. F. Haun, or to any other person or corporation.

"VII.

"On January third, nineteen hundred and twenty-one, the deed described in paragraph IV of this complaint was recorded, at the request of the defendant James F. Haun, in the Office of the Clerk of the county of Tillamook in the state of Oregon, in Book 42, at pages 457 and 458, of the Record of Deeds of said county."

The defendants answered, denying paragraphs I, V and VI of the complaint, and for further answer set up the following contract:

"That on or about the 15th day of January, 1920, the defendant J. F. Haun, and the plaintiff, A. C. Everson, entered into a contract in writing, in words, letters and figures as follows, to wit:

"Agreement made this fifteenth day of January, Nineteen hundred and twenty, between A. C. Everson, of the County of Tillamook and State of Oregon, of the first part, and J. F. Haun, of the County of Wallowa and State of Oregon, of the second part.

"Whereas the party of the first part is the owner in fee simple of a certain parcel of land, with the buildings thereon situated in Tillamook City, in the County of Tillamook, aforesaid, described as follows, namely:

"Lots One and Two of Block Eight in Thayer's Addition to Tillamook City.

"And whereas the party of the second part is the owner in fee simple of premises in the Town of Evans in the county of Wallowa, in said State situate on Main Street in said Town, being on a corner sixty feet by one hundred and fifteen feet upon which is erected a store building, being the only store building owned by the second party in said Town; the second

party being also the owner of the stock of goods, wares and merchandise contained in said store which will inventory at about the sum of six thousand dollars.

"And whereas the said parties have agreed to make an exchange by way of mutual sale and conveyance of their respective properties.

"Now IT IS AGREED AS FOLLOWS:

"1. That the first party shall in consideration of the property hereby agreed to be conveyed by the second party to the first party, sell and convey to the second party the said described lands of the first party with the buildings thereon, and the appurtenances thereof, in fee simple, free from all encumbrances, except as follows:

"Subject to a mortgage now upon said premises to secure the payment of the sum of seventeen hundred dollars with interest. Of this mortgage the second party agrees to assume the payment of eight hundred dollars of the principal and interest thereon, and the first party covenants to pay and discharge before the same is delinquent all of the balance of the principal and interest.

"And also subject to all liens for street and for sewer improvements now against said premises.

"The first party will pay all interest upon said mortgage and all installments of both principal and interest upon said liens which are due and payable at the rate of this agreement.

"2. The second party shall, in consideration of the property hereby agreed to be conveyed by the first party to the second party, sell and convey to the first party the said described premises of the second party, with the building, and the appurtenances thereof, in fee simple, free of all encumbrances and also shall sell and transfer unto the said first party all the goods, wares and merchandise in said building contained, free and clear of all encumbrances whatsoever; and will, before making such transfer comply in all respects with the Bulk Sales Law of the State of Oregon.

"3. Within thirty days from the date thereof an inventory shall be taken of the goods, wares and merchandise in said store building contained, in which said goods, wares and merchandise shall be priced at actual cost, plus freight and drayage thereon. In the event that such inventory shall show a value of more than six thousand dollars, the first party will pay to the second party the difference between such value and the sum of six thousand dollars, in cash, or at the option of the first party, by giving his promissory note for such difference, payable not more than six months after date, with interest, at Tillamook County Bank, Tillamook City, Oregon. In the event that such inventory shall show a value of less than six thousand dollars, the second party will pay to the first party the difference between such value and the sum of six thousand dollars.

"4. The exchange shall be completed on or before the fifteenth day of February, 1920, when each of the parties shall by good and proper deeds, convey the real property belonging to him to the other of them free from all encumbrances except as aforesaid, and the second party will transfer and deliver to the first party all of the personal property in such inventory mentioned and described, and will make and deliver to the first party a good and sufficient bill of sale therefor. For convenience the deeds of both parties shall be placed for delivery with the Enterprise State Bank, Enterprise, Oregon, to be delivered upon instructions to the respective grantors so to do.

"5. Each of the parties shall deliver to the other within ten days from the date hereof a merchantable abstract of title, showing a marketable title to the respective parcels of real property in the respective grantors.

"6. That second party has seen and inspected the premises of the first party and has formed his judgment as to the value thereof. The first party has not seen the premises of the second party and in making this agreement has relied upon the statements and representations of the second party concerning the same; it is agreed that the first party may have until

January twenty-fifth, nineteen hundred and twenty,
to inspect and examine the premises of the second
party, and, if after such inspection and examination
he should be of the opinion that the same is not as
represented to him by the second party to denounce
this agreement and declare the same void.   Otherwise
all of the provisions herein contained shall be binding
upon both of the parties hereto and upon their respec-
tive heirs, executors and administrators.

"IN WITNESS WHEREOF the parties hereto have
hereunto set their hands and affixed their seals, in
duplicate, the day and year first hereinabove written.

"A. C. EVERSON.   (Seal)
"J. F. HAUN.      (Seal)

"Witnesses:
          "ROBERT McGRATH.
          "W. A. CHURCH."

The answer further continues as follows:

"IV.

"That on or about the —— day of January, 1920,
the plaintiffs Everson came to the town of Evans, in
Wallowa County, Oregon, and examined the property
of the defendants Haun, mentioned and described in
the contract, a copy of which is hereinabove set forth,
and both of the said plaintiffs at said time having full
knowledge of the said contract, and full knowledge
of all the facts in and about said property of the de-
fendants mentioned therein and having fully inspected
and examined the same, the plaintiffs notified and
stated to the defendant J. F. Haun, that if he would
allow them to rent of him, what is known as 'The
Home' and allow the plaintiffs to occupy the same for
$20 per month, instead of $40 per month, as the same
was then renting, for a period of six months from
said —— day of January, 1921, that they would pro-
ceed to consummate said contract by joining with each
other in conveyance of said Tillamook property to
said defendant J. F. Haun, and would immediately
take possession of said Evans property, from the
defendant J. F. Haun and put the defendants in the
possession of said Tillamook property; and that after
consideration thereof, the said defendant J. F. Haun

agreed to make said reduction in said rent, provided the said plaintiffs would proceed to carry out the terms of said contract on their part to be performed and carried out, and as therein set forth; and that then and there the plaintiff Canzada Everson, agreed to the terms of said contract and the whole thereof in consideration of said reduction and rent as aforesaid, and then and there told and stated to the defendant J. F. Haun that she would proceed to inventory the stock of goods in said store as provided in said contract; and then and there agreed to join with her co-plaintiff, in conveying said Tillamook property to the defendants Haun, and then and there accepted all of the terms of said contract by stating to the coplaintiff that the said reduction in said rent was made as she requested and that her coplaintiff requested and she would do so; and that thereafter the plaintiff Canzada and the plaintiff Alexander and representatives of the defendants Haun went into said store mentioned in said contract and that the said Canzada and the said Alexander proceeded to assist in taking the inventory thereof and the said plaintiff Canzada agreed with the representative of the defendant J. F. Haun as to the value of the stock of goods as inventoried by them at said time and place, and that the said plaintiff Canzada and representatives of the said J. F. Haun, defendant, agreed that the price of said stock of goods was and fixed the same as $6134; and that thereafter and on or about the 31st day of January, 1920, the plaintiffs Everson went into the actual, open, exclusive and notorious possession of all of the real and personal property then belonging to the defendants Haun, and mentioned in said contract; and that the plaintiff Canzada, in person and the plaintiffs Everson are now and ever since said date have been in the actual, open, exclusive and notorious possession of said store and stock of goods and the real property in said town of Evans, mentioned in said contract, which they received from the defendants Haun as part of the purchase price for said Tillamook County property, and have been ever since and now are selling goods out of said store and from what has been left and replaced of the stock of goods.

## "V.

"That to carry out the terms of said contract on the part of the defendants to be performed and carried out the defendants Haun, as husband and wife, joined in signing, sealing, witnessing, executing and acknowledging before a Notary Public, stamping the same with proper revenue stamps, a warranty deed free from all encumbrances, to said Evans property, thereby conveying the same as provided in said contract, to the plaintiff Alexander C. Everson, and also contemporaneous therewith executed a bill of sale to said stock of goods to the plaintiff Alexander C. Everson, and also deposited said deed and said bill of sale and said abstract, prior to the 5th day of February, 1920, with the defendant Enterprise State Bank, with instructions to deliver the same upon request of the plaintiffs or either of them. That said abstract of title was prepared by the defendants Haun and which said abstract showed a good and marketable title to said real property in said town of Evans, and that said defendant bank now has instructions to deliver said deed, bill of sale and abstract to the plaintiffs at any time they call for the same or wish the same.

## "VI.

"That the plaintiffs at the time of the consummation of the sale of said property in Evans to them by the defendants Haun, and the sale of said Tillamook property to them by the plaintiff as aforesaid, never requested the defendants Haun to make and execute said deed, said bill of sale, to any other grantee or grantees than as provided for in said contract, to wit: Alexander C. Everson; and that these defendants Haun, at this time, offer to and will if requested by the plaintiffs or either of them, or should it be decreed by the Court, make, execute and deliver other instruments with any grantees therein as the said plaintiff may direct, and as they may wish.

## "VII.

"That the plaintiff Canzada at all times well knew and knew in detail what the plaintiff Alexander was doing and negotiating and attempting to consummate

in the trade and deal in the business transactions between himself and the defendant Haun, with reference to said Evans property, on one hand, and said Tillamook property, on the other, and that at the time of taking over of said Evans property, as hereinbefore alleged, the said Canzada agreed to all of the terms of said contract.

### "VIII.

"That she joined with her coplaintiff, and consented for the defendants Haun to be put into possession of said Tillamook property, and the whole thereof. That said defendants Haun were put into possession of said Tillamook property, and the whole thereof, and let into possession and the whole thereof, by the plaintiffs, in pursuance of said contract and agreement and the agreement of said Canzada, as hereinbefore alleged, to the terms of the contract made by the said coplaintiff Alexander, and that the plaintiffs have paid to the defendants as rental for said Tillamook property, and rents collected from other tenants, for the same five months rental at the rate of $65 per month for the whole thereof, and that the plaintiffs have paid and caused to be paid upon the mortgage now on said property to one Frank Coutcher who holds the same, which said mortgage is in two notes and in two separate mortgages, aggregating the sum of $1700.00, the interest thereon; and that the accrued interest on $800.00 thereof assumed by said defendants, from the date of said contract to the sum of $50, and that on the 9th day of March, 1921, the defendants Haun, by and through their attorney, Webster Holmes, tendered to the plaintiffs, of lawful money of the United States, the sum of $50, to reimburse them for said interest paid on account of the defendants Haun, and also made said tender in writing of said date, and that on said date the plaintiffs refused to accept said sum or any part thereof, and that the defendants Haun, do hereby and in this, their second amended answer, offer and tender to the plaintiffs said sum of $50 and any other sum in excess thereof, as should be determined to be in excess thereof, on account of interest and in any and other sums which might be found due from the defendants Haun to the

plaintiff on account of anything whatsoever in connection with said contract and agreement; and that no street assessments are yet due, mentioned in said contract nor any taxes due, which the said Hauns, or either of them should have paid under the terms of said contract, which have been paid by the plaintiff, or either of them.

### "IX.

"That the plaintiffs have conspired together and do now conspire together, with the fraudulent purpose and intent to avoid the delivery of any deed from them to the defendants Haun to said Tillamook County property, with a fraudulent purpose and design to hinder, cheat, harass, delay and defraud these defendants Haun, although the plaintiffs have at all times since the going into possession of said Evans property, as hereinbefore alleged, have been in possession of said store and stock of goods, conducting a mercantile business therein and still are doing so.

### "X.

"That the defendants Haun have done and performed all things required of them to be performed by their contract with the plaintiffs and as was accepted and agreed to by the plaintiff Canzada, independently of the plaintiff Alexander, and have performed all of the conditions thereof on their part to be performed.

### "XI.

"That on or about the 4th day of March, 1920, in consummation of the said contract of exchange, the plaintiffs made, executed and signed with their hands and seals, and witnessed by two witnesses to each of their respective signatures and acknowledged the same before Notaries Public, so as to entitle the same to record, their deed of conveyance of and to said real property in Tillamook City, Oregon, to the defendant J. F. Haun; but never placed the same in said Enterprise State Bank, with any instructions to deliver the same to the defendant Haun nor any deed with said bank in escrow with instructions to deliver, nor said deed executed as aforesaid in escrow or otherwise with instructions to deliver to de-

fendants Haun, and with a fraudulent purpose, and the fraudulent intent to defraud and cheat defendants Haun, failed, neglected and refused to deliver the same or any deed, or place the same in escrow for delivery, and now purposely and fraudulently fail, neglect and refuse to do so.''

Substantially the same facts are pleaded in estoppel in a further and separate answer, by way of cross-bill. A prayer for specific performance concluded the answer. The new matter is put in issue by appropriate denials.

The trial court found the facts substantially with the defendants but because of their length the findings are omitted here. From a decree in favor of defendants the plaintiffs appeal. Affirmed.

For appellants there was a brief over the name of *Messrs. Botts & Wilson,* with an oral argument by *Mr. H. T. Botts.*

For respondents there was a brief and oral argument by *Mr. Webster Holmes.*

McBRIDE, C. J.—1. The weight of testimony seems to support the defendants' contention. The original contract was made between Alexander C. Everson and James F. Haun. The premises to be conveyed were in fact held in entirety by Alexander Everson and his wife, Canzada, but the testimony indicated that before the final consummation of the contract she was fully aware of its terms and consented thereto on condition that she and her husband should be permitted to occupy one of the houses called the ''home place'' for six months at a reduced rental, and that when this was conceded she took an active part in making an inventory of the stock of goods which constituted a large part of the consideration

exchanged for the property, participated with her husband in selecting people to manage the store, one of these being her brother, gave directions as to how the business should be conducted, assisted in the purchase of additional stock of merchandise, and generally acted only as a part owner would act in relation to the business. She and her husband are still in possession of the stock of goods and have made no effort to return the same, and while the husband expresses his entire willingness to complete the trade he assigns only the reluctance of his wife as a reason for not doing so. The court below was evidently of the opinion that there was a dishonest conspiracy between the plaintiffs to retain the fruits of their side of the bargain and at the same time to welsh out of making the conveyance by reason of the technicality that Mrs. Everson did not sign the contract. This being our own conclusion from the evidence, we fully concur with the court below in its findings of fact, and hold that Canzada Everson is estopped to deny that she made the contract set forth in the answer or, to speak more accurately, that she adopted the same by ratification and by accepting the consideration given by the defendants Haun therefor.

2. It remains only to discuss the question as to whether or not the defendants' equities can be pleaded as a defense, or rather as an equitable counterclaim upon which they were entitled to affirmative relief. We are of the opinion that the court might well have refused to cancel or declare void the deed which defendants by mistake as to their legal rights caused to be put upon record. "He who seeks equity must do equity."

3. And before plaintiffs were permitted to have a cancellation of the deed, which although technically void for want of delivery was precisely the deed

which honesty and fair dealing required them to deliver, it would have been entirely within the province of the court to require them to make defendants safe in their title by tendering a new deed, and in effect this is what was done. The decree settled all the equities between the parties and required a new deed under certain conditions.

Here is the state of the case: The plaintiffs say in effect: "In March, 1920, we made a deed purporting in form to convey to the defendants certain realty, which deed was deposited in a bank with instructions not to deliver it except upon our order. And although we never gave any order to deliver it, the bank did deliver it to the defendants, who had it recorded; and we now desire to have it canceled." The defendants in effect say: "Yes, it is true that you made a deed and deposited it and by mistake it was delivered to us without your order. In ignorance of our legal rights we did have it recorded, but that deed was made in pursuance of a contract which we have fully performed on our part, and then and now we were and are entitled to have just such a deed and it would be inequitable for you to cancel the deed that we have and hold our property without making us the deed to which we are entitled." Stripped of all technicalities, this is the issue between the parties.

4. The arm of equity is long. It will not reach half way to do half equity when whole equity can just as easily be grasped. It is needless to discuss the various ramifications of the law of specific performance. Nobody has ever yet defined the limits of equity and nobody ever will. It takes a case as a whole and, having obtained jurisdiction in the first place, it proceeds to administer complete relief by whatever means that relief may be achieved, whether it be by

requiring specific performance as a collateral matter, the payment of money, the execution of a deed, or any other matter. And in this case to cancel this deed and declare it void, leaving the plaintiffs in possession of the property that had been turned over to them, and the defendants out in the cold, and to compel the latter to go into court in another suit to get what the testimony here indicates they ought to have, would be to encourage a barefaced and palpable fraud, which we decline to do.

The decree of the Circuit Court is therefore affirmed. AFFIRMED.

BEAN, BROWN and McCOURT, JJ., concur.