Argued March 29, affirmed April 10, rehearing denied May 1, 1917.

# HETRICK *v.* GERLINGER MOTOR CAR CO.

### (164 Pac. 379.)

**Appeal and Error—Assignment of Error—Complaint—Amendment.**

1. Where error is not assigned to the order of the lower court in permitting matter to be set up in a supplemental complaint which should have been pleaded by way of amendment to the original complaint, the appellate court will treat such supplemental complaint as an amendment of the original complaint properly allowed.

**Equity—Retaining Jurisdiction—Award of Damages.**

2. As a suit to rescind a contract for the purchase of an article and to cancel a note given on account of the purchase price and recover damages is cognizable in equity, when it later appears that the note has been negotiated, as such facts were not known to the plaintiff when he brought the suit, equity will retain the suit for the purpose of awarding plaintiffs the money damages to which they are entitled.

> [As to exceptions to the rule that a court of equity assuming jurisdiction for one purpose will retain it for all purposes, see note in 116 Am. St. Rep. 877.]

**Evidence—Parol Evidence—Varying Written Contract.**

3. In view of Section 713, L. O. L., providing that when the terms of an agreement have been reduced to writing it is considered as containing all those terms except "(2) where the validity of the agreement is the fact in dispute," in a suit to rescind a contract for the

purchase of a motor truck, to cancel a promissory note given on account of the purchase price and to recover damages, a provision in the memorandum of sale that "it is understood by the parties hereto that there are no understandings or agreements verbal or otherwise other than those printed or written hereon" did not preclude testimony on the part of the plaintiffs to prove the alleged misrepresentations in reliance on which the truck was purchased, since they are not seeking to modify the written contract in any respect, but are contending that there was no contract because of the fraud perpetrated.

**Sales—Validity—Misrepresentations.**

4. Where a motor truck was purchased February 3d and suit was brought March 20th for rescission of the contract of purchase, and in the few weeks intervening between these dates the buyers twice returned the truck to the seller on the seller's promises to repair the truck and make it good, and the buyers complained continually that the car was unsatisfactory, and when finally apprised of the history of the truck promptly disaffirmed and brought suit, they were not barred of their remedy under the rule that where a person has been induced through fraud to execute a contract in order to avail himself of this defense, he should act promptly upon the discovery of the deception.

From Multnomah: HENRY E. McGINN, Judge.

This is a suit against the Gerlinger Motor Car Company, a corporation, brought by M. Hetrick and W. M. Cline, copartners in business under the firm name and style of Hetrick & Cline, and heard by the lower court sitting in equity to a jury that returned a verdict in favor of plaintiffs, and defendant appeals.   Affirmed. Rehearing denied

Department 1.   Statement by MR. JUSTICE McCA-MANT.

This is a suit brought by M. Hetrick and W. M. Cline, partners as Hetrick & Cline, to rescind a contract for the purchase of a motor truck, to cancel a promissory note given on account of the purchase price and to recover damages.   It is alleged that on February 3, 1915, plaintiffs purchased from the defendant the motor truck in question at an agreed price of $2,500; $100 was paid in cash and plaintiffs gave the defendant their negotiable promissory note in the sum

of $2,400, payable in monthly installments of $200 each.

It is alleged that the purchase was induced by fraudulent representations to the effect that the "truck was practically new"; that the "tires on the said truck were the original tires first placed on the said truck"; and that the car "had not been run more than five hundred miles" prior to its purchase by plaintiffs. The complaint charges that in truth and in fact the truck had been run more than four thousand miles; that its engine was worn to such an extent as to be valueless; that the original tires placed on the truck had been worn out and that the tires which were on it at the time of plaintiffs' purchase were new tires which had replaced the original ones. It is alleged that the false representations were made with the intent to deceive plaintiffs and that the plaintiffs purchased in reliance on them, to their injury.

Subsequent to the bringing of this suit plaintiffs learned that the defendant had negotiated their promissory note to one Seymour H. Bell, who was a *bona fide* purchaser thereof. They thereupon filed a supplemental complaint alleging this fact and a payment which they had been obliged to make to Bell. Because of the allegations of the supplemental complaint plaintiffs ask for no further relief except a money judgment against the defendant.

The defendant denied all the allegations of the complaint and the supplemental complaint except the purchase of the truck and the terms of the payment therefor. It was affirmatively alleged in the answer that plaintiffs had an adequate remedy at law; that plaintiffs had ratified the representations, if any, by retaining the truck in their possession and having it repaired; and that plaintiffs were thoroughly advised of the condition of the truck at the time of their pur-

chase. It was further alleged that the contract of sale was in writing and that it had been entered into after a thorough examination and test of the truck. The reply denied the affirmative allegations of the answer.

The trial court sitting in equity elected to refer the controversy to a jury, which found a verdict for the plaintiffs. A decree was entered on this verdict and the defendant appeals.

AFFIRMED. REHEARING DENIED.

For appellant there was a brief and an oral argument by *Mr. Maurice W. Seitz.*

For respondent there was a brief over the name of *Messrs. Manning, Slater & Leonard,* with an oral argument by *Mr. Woodson T. Slater.*

MR. JUSTICE MCCAMANT delivered the opinion of the court.

It is true, as contended by the defendant, that the matter set up in the supplemental complaint should have been pleaded by way of amendment to the original complaint; but error is not assigned on the order of the lower court permitting the supplemental complaint to be filed. We will therefore treat it as an amendment of the original pleading, properly allowed.

It would serve no useful purpose to state in this opinion the evidence on the subject of the fraud. It strongly preponderates in favor of plaintiffs and convincingly proves the allegations of the complaint. It is proper to add that the evidence does not connect Mr. Edward E. Gerlinger, the general manager of defendant, with the fraudulent representations.

The defendant contends that the decree should be reversed because there is an adequate remedy at law.

The original complaint stated a cause of suit cognizable in equity, as plaintiffs were entitled to the cancellation of their note, assuming that defendant still held it. This note having passed into the hands of an innocent purchaser prior to the bringing of the suit, it is contended that there was no ground on which equity could try out the controversy, although plaintiffs were in ignorance of the negotiation of the note at the time when they brought their suit.

It is true, as the defendant contends, that equity will not take jurisdiction merely because the suit is based on fraud. If the remedy at law be adequate the parties will ordinarily be relegated to a court of law. It has been repeatedly held in this jurisdiction that in case plaintiff fails to prove his allegations on which alone the equitable jurisdiction is predicated, a court of equity will not award him a money judgment: *Ming Yue* v. *Coos Bay R. R. Co.,* 24 Or. 392 (33 Pac. 641, 19 L. R. A. (N. S.) 1066, n.); *Stemmer* v. *Scottish Co.,* 33 Or. 65 (53 Pac. 498, 19 L. R. A. (N. S.) 1069); *Denny* v. *McCown,* 34 Or. 47, 53 (54 Pac. 952, 19 L. R. A. (N. S.) 1073, n.); *Multnomah Co.* v. *Portland Cracker Co.,* 49 Or. 345, 352 (90 Pac. 155, 19 L. R. A. (N. S.) 1069, n.). These were all cases in which the plaintiff had never had an equitable cause of suit and in which he was chargeable with notice that his remedy was at law. The case at bar is distinguishable from the cases above cited in that these plaintiffs without question had a remedy in equity prior to the negotiation of their promissory note. They brought the suit in ignorance of such negotiation and without notice of any facts sufficient to put them on inquiry with reference thereto. There is authority to the effect that an equitable suit brought under such circumstances will be retained for the purpose of awarding plaintiffs the

money damages to which they are entitled, whenever the act of the defendant has created a situation which makes distinctively equitable relief impracticable. In 1 Pom. Eq. Jur. (3 ed.), Section 237, the rule is stated as follows:

"If a court of equity obtains jurisdiction of a suit for the purpose of granting some distinctively equitable relief, such, for example, as the specific performance of a contract, or the rescission or cancellation of some instrument, and it appears from facts disclosed on the hearing, but not known to the plaintiff when he brought his suit, that the special relief prayed for has become impracticable, and the plaintiff is entitled to the only alternative relief possible of damages, the court then may, and generally will, instead of compelling the plaintiff to incur the double expense and trouble of an action at law, retain the cause, decide all the issues involved, and decree the payment of mere compensatory damages."

The foregoing rule is supported by *Milkman* v. *Ordway,* 106 Mass. 232, and *Cole* v. *Getzinger,* 96 Wis. 559, 577 (71 N. W. 75). We believe the rule to be a sound one and that the decree is not open to objection on this ground. We are the more ready to follow these authorities in the case at bar because the defendant has had a trial by jury and because the evidence is so clear that no trier would be apt to come to a different conclusion from that reached by the jury and the lower court.

At the time of the purchase a memorandum of sale was signed by the plaintiffs and also by Fred W. West, as manager of the defendant, which contained the following language:

"It is understood by the parties hereto that there are no understandings or agreements, verbal or otherwise, other than those printed or written hereon."

It is contended that because of this circumstance it is not competent for the plaintiffs to prove the misrepresentations in reliance on which the truck was purchased. On this branch of the case the defendant relies on *Equitable Mfg. Co.* v. *Biggers,* 121 Ga. 381, 382 (49 S. E. 271). In the Georgia case the contract signed by the parties contained the following language:

"This sale is made under inducements and representations herein expressed and no others."

The court held that this language precluded testimony on the part of the defendant of contemporaneous representations which were false and fraudulent. The agreement in the case at bar is distinguishable from that of the Georgia case, in that it makes no mention of inducements and representations. The agreement in the instant case specifies merely that there are no understandings or agreements except those expressed in the contract. If plaintiffs in the case at bar were seeking to charge the defendant with warranties their proof might be excluded as in contradiction of the written contract. But plaintiffs are not seeking to modify the written contract in any respect. They are contending that there was no contract because of the fraud perpetrated. The rule applicable is statutory in this jurisdiction. Section 713, L. O. L., is as follows:

"When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be, between the parties and their representatives or successors in interest, no evidence of the terms of the agreement, other than the contents of the writing, except in the following cases:

"1. Where a mistake or imperfection of the writing is put in issue by the pleadings;

"2. Where the validity of the agreement is the fact in dispute."

In the case at bar the validity of the agreement is the fact in dispute and it was competent for plaintiffs to offer evidence in support of their allegations, going to the ultimate fact that the minds of the parties never met because of the fraud of the defendant in the respects pointed out in the complaint. Our conclusion on this branch of the case is supported by the recent decision of *Bouchet* v. *Oregon Motor Car Co.,* 78 Or. 230, 236 (152 Pac. 888), where under a state of facts closely akin to those in this case the same rule was announced, supported, however, by different reasoning.

It is also contended that the plaintiffs are barred of their remedy by retaining the truck in their possession and making use of it in their business.

"It is the general rule that any person who has been induced through fraud to execute a contract of any kind, in order to avail himself of that defense should act promptly upon the discovery of the deception"; *Waymire* v. *Shipley,* 52 Or. 464, 474 (97 Pac. 807).

This rule is well established, but the facts do not bring this case within its operation. The truck was purchased February 3, 1915; this suit was brought March 20, 1915. In the few weeks intervening between these dates the plaintiffs twice returned the truck to the defendant on the defendant's promises to repair it, and whatever delay took place in the repudiation of the contract was induced by the defendant's promises to repair the truck and to make it good. Plaintiffs complained continually that the car was unsatisfactory and when finally apprised of the history

of the truck they promptly disaffirmed and brought this suit.

The decree of the lower court is affirmed.

Affirmed.   Rehearing Denied.

Mr. Chief Justice McBride, Mr. Justice Burnett and Mr. Justice Bean concur.

━━━━━━━━ · ━━━━━━━━

'Argued April 12, reversed May 1, 1917.