TERMINAL & TOWN TAXI CORPORATION, Plaintiff, *v.* JOSEPH A. O'ROURKE, LAWRENCE J. MAHON and REPUBLIC AUTO REPAIRING COMPANY, Defendants.

(City Court of the City of New York, January, 1922.)

Lien Law, § 184 — conditional bill of sale given to secure purchase price of taxicab — lien for repairs superior to property rights of conditional owner.

Section 184 of the Lien Law does not contravene the due process of law provision of the State and Federal Constitutions.

One of the defendants, as security for the payment of the purchase price of a taxicab sold to him by the plaintiff, executed and delivered to it a conditional bill of sale which was duly filed according to law. Subsequently said defendant sold his right and interest in the taxicab to M., the other individual defendant. Three months after all of the purchase price had been paid, with the exception of $19, M. brought the taxicab to the place of business of the corporate defendant, and in writing authorized it to do some repairs and furnish new parts and agreed to pay therefor $500. Additional work was subsequently ordered by M., the cost of which was $75. In an action brought by the original vendor to recover possession of the car, which it had replevied from the corporate defendant, *held,* that irrespective of section 184 of the Lien Law said defendant was entitled to a lien for $575, which was superior to the property rights of plaintiff.

ACTION to recover possession of a chattel and to foreclose lien thereon. Submitted to court on agreed state of facts.

Cohen & Cohen, for plaintiff.

Modie Harris, for defendant Republic Auto Repairing Co.

CALLAHAN, J. Plaintiff brings this action to recover possession of a taxicab sold in February, 1920, to the

defendant O'Rourke for $1,342.25, who executed and delivered to plaintiff as security for the payment of the purchase price a conditional bill of sale, a copy of which was duly filed in the office of the register of the county of New York as provided by law. O'Rourke subsequently sold his right and interest in the taxicab to the defendant Mahon. All of the purchase price had been paid April 20, 1921, with the exception of $19. On July 1, 1921, the defendant Mahon brought the taxicab to the place of business of the defendant Republic Auto Repairing Company, and in writing authorized said company to repair the taxicab and furnish new parts, for which he agreed to pay $500. Additional painting was subsequently ordered by Mahon, the cost of which was $75. Plaintiff thereafter replevied the car from the possession of the defendant repair company and brings this action for possession thereof. Defendant Republic Auto Repairing Company by counterclaim seeks judgment for the amount of its lien. The facts have been agreed to. The questions of law to be decided are: (1) Does section 184 of the Lien Law create a lien superior to the property rights and/or lien of a conditional vendor who has duly filed his conditional bill of sale at a time prior to that during which the garage-keeper's lien accrues, and (2) whether such section is unconstitutional as contravening the provisions of the State and Federal Constitutions providing that no person shall be deprived of property without due process of law.

Under the common law the lien of a repairman was given priority over that of a mortgagee by reason of the fact that permitting the mortgagor to remain in possession gave rise to an implication that the mortgagee had given him a right to make repairs which added additional value to the chattel and kept it in

efficient condition for service. *Williams* v. *Allsup,* 100
E. C. L. 416; *Ruppert* v. *Zang,* 73 N. J. L. 216; 62 Atl.
Repr. 998. On the other hand, the case of an agist-
ment was held not to fall within the same principle for
the reason that no additional value is conferred on the
animal, the same only being fed. *Jackson* v. *Cum-
mins,* 5 M. & W. 342; *Wallace* v. *Woodgate,* 1 Car. &
P. 575. In fact, in the absence of special agreement,
the common law gave no lien for the price or value of
keeping horses. *Bissell* v. *Pearce,* 28 N. Y. 252. This
agister's lien was later made statutory, and, being in
derogation of the common law, was strictly construed.
Accordingly, it has been held that one of the char-
acteristics of such liens is that they are subordinate to
all prior existing rights in the property. *Barrett Mfg.
Co. v. Von Ronk,* 212 N. Y. 90. So also had it been
held that a lien for storage is not superior to a lien of a
mortgage. *Tucker* v. *Werner,* 2 Misc. Rep. 193; *Storms*
v. *Smith,* 137 Mass. 201. Nevertheless, the law now
seems to be that when this contractual lien
became statutory and was in force when a
mortgagee took a chattel mortgage on a cer-
tain truck sold to the mortgagor, it controlled
the rights of the parties to the extent of giving
the livery stable keeper who stored the same at the
request of the mortgagor a lien prior to that of the
mortgagee. *Barrett Mfg. Co.* v. *Von Ronk, supra,* p. 95.
So, also, in *Corning* v. *Ashley,* 51 Hun, 483; affd., 121
N. Y. 700, where the owner of a horse, having given
a chattel mortgage to secure the debt, subsequently
placed the horse with the plaintiff for care and pas-
ture, the court held that as the statute creating the
lien was in force at the time the mortgage was given,
the mortgagee was chargeable with knowledge
thereof; that in a certain sense the provisions of the
statute entered into the contract of mortgage and that

such mortgage could not deprive the agister of the benefit of the statute. In contrast with the contractual or statutory liens, common-law liens, which are founded upon principles of justice and considerations of policy, attach to the property itself without reference to ownership, and are superior to and override all other rights. *Barrett Mfg. Co.* v. *Von Ronk, supra; Sullivan* v. *Clifton,* 55 N. J. L. 324; 26 Atl. Repr. 964. We thus find that the statute, so far as repairs are concerned, is merely declaratory of these common-law rights. The principles of the common law therefore govern, and, irrespective of the statute, the defendant repair company's lien must be held superior to that of the plaintiff owner. As the statute was in force at the time of the execution and delivery of the conditional bill of sale, the vendor is chargeable with knowledge thereof, and impliedly made its provisions a part of the contract. *Barrett Mfg. Co.* v. *Von Ronk, supra; Corning* v. *Ashley, supra.* Ownership of the chattel is not necessary, rightful possession by the conditional vendee manifesting implied authority by the owner to the making of the necessary repairs. *Ruppert* v. *Zang, supra.* Other cases in point are *Johanns* v. *Ficke,* 224 N. Y. 513, and *Wolfman Co.* v. *Eisenberg,* 116 Misc. Rep. 43. The statute is constitutional. Similar enactments have been so held. *Waters & Co.* v. *Gerard,* 189 N. Y. 302; *Monthly Instalment Loan Co.* v. *Skellet Co.,* 124 Minn. 144; *Watts* v. *Sweeney,* 127 Ind. 116. The defendant Republic Auto Repairing Company, Inc., is entitled to a lien for the sum of $575, and judgment is granted accordingly. Submit findings on notice.

Judgment accordingly.