(No. 15508.—Reversed and remanded.)
BENJAMIN H. EHRLICH, Appellant, *vs.* GARFIELD D.
CHAPPLE, Appellee.

*Opinion filed February 19, 1924—Rehearing denied April 2, 1924.*

1. MORTGAGES—*purpose of a chattel mortgage.* The purpose of a chattel mortgage is to secure to the mortgagee his interest in the chattel while it is in the possession of the mortgagor, and it is the basis of such contract that nothing be done or permitted by the mortgagor to impair the security, other than that which arises out of ordinary wear and tear.

2. SAME—*a mortgagor cannot, as agent, create any liability of mortgagee.* The relationship of agency does not exist between a mortgagor and mortgagee in any sense of that term, and there is no relationship that authorizes the mortgagor to create any liability on behalf of the mortgagee.

3. LIENS—*what provisions of a chattel mortgage do not give priority to artisan's lien.* Provisions of a recorded chattel mortgage on an automobile truck that "it shall be lawful for the mortgagor to retain possession of said property at the mortgagor's own expense" and to keep it in first-class condition at his own expense do not authorize him to create an artisan's lien for necessary repairs which shall have priority to the lien of the mortgage, and the artisan, in order to protect his lien, must satisfy the mortgage.

4. SAME—*agreement to allow artisan's lien to take precedence over chattel mortgage cannot be presumed.* Courts will not indulge in any presumption as to the existence of an agreement between the mortgagee and the mortgagor that the lien of a chattel mortgage shall give way to a subsequent artisan's lien, but such agreement must be shown by clear and cogent evidence.

APPEAL from the Second Division of the Appellate Court for the First District;—heard in that court on appeal from the County Court of Cook county; the Hon. FRANK S. RIGHEIMER, Judge, presiding.

GEORGE J. GILBERT, (HERBERT J. FERGUSON, and GRAY & NUTTALL, of counsel,) for appellant.

RANKIN, LUSTFIELD & LANDISE, (ODE L. RANKIN, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

The question presented on this record involves priority as between an artisan's lien upon an automobile for repairs and the 'lien of a previously recorded chattel mortgage on the same property. There is no dispute as to the facts in the case. James Valino, the mortgagor, placed the mortgaged automobile truck with the appellee for repairs. Upon completion thereof he was unable to pay the repair bill and the appellee refused to give up possession of the truck. The appellant, as owner of a chattel mortgage and notes against the truck, made a demand and brought an action in replevin. The appellee refused to deliver the truck, claiming right to possession thereof by reason of a lien for repairs. A declaration in trover was filed, and on the trial the court instructed the jury to return a verdict in favor of the appellee. The judgment of the county court was affirmed, on appeal, by the Appellate Court, and the cause comes here on a certificate of importance.

The truck in question was used by the mortgagor in his express business, and while in such use it became out of repair and was towed into the appellee's garage and repairs were put on it amounting to $24.37. The mortgage under which the appellant claims contains this provision: "It shall be lawful for the mortgagor to retain possession of said property at the mortgagor's own expense. * * * He [mortgagor] covenants to keep it in first-class condition at all times at the expense of the mortgagor." It is conceded that the repairs made were necessary to the operation of the truck. It is also shown that the appellant mortgagee did not know of the repairs by the appellee until the latter announced that he would hold the car for the repair bill.

It is contended by the appellee, first, that the stipulation in the mortgage to the effect that the mortgagor shall keep the property in repair constitutes an implied authority from the mortgagee to employ an artisan to furnish neces-

sary material and repairs in such manner as to bind the mortgagee therefor; and second, that where the mortgaged property is retained by the mortgagor with the consent of the mortgagee, to be used in the usual course of the mortgagor's business, an artisan's lien takes priority over a chattel mortgage.

Section 1 of the Illinois Chattel Mortgage act provides that the chattel mortgage shall provide that the possession of the property shall remain in the mortgagor. In *Prior v. White*, 12 Ill. 261, it was held that the right of possession being in the mortgagor, the parties to the mortgage could qualify or limit the right of possession and use in the mortgagor so as to more effectually protect the security of the mortgagee. In *Jensen v. Wilcox Lumber Co.* 295 Ill. 294, this court was considering the Garage Keepers' Lien act of 1917. It was there said: "Our statute on mortgages of personal property provides that a chattel mortgage acknowledged and recorded in the manner required shall be good and valid from the time it is filed for record until the maturity of the debt, provided the time does not exceed three years. * * * A chattel mortgage executed, acknowledged and filed for record as the statute requires is notice to all the world. Bogasch, the garage keeper, was bound to know of the lien of the chattel mortgage. * * * The main question on this branch of the case is, Could Bogasch enforce the lien for charges which accrued after the chattel mortgage was filed for record, as a prior lien to that of the chattel mortgage? In our opinion he could not, and in so far as the statute purported to give him that right it was in violation of section 2 of our bill of rights. The lien of the chattel mortgage was a vested property right, which neither he nor his assignee for value could be deprived of by legislative act.—*City of Chicago v. Wells*, 236 Ill. 129; *Barque Great West v. Oberndorf*, 57 id. 168; *Millett v. People*, 117 id. 294; *Ramsey v. People*, 142 id. 380."

It is urged that because these repairs were necessary it was to the interest of the mortgagee that they be put upon the truck, and that therefore he should be required to meet the expense thereof. The purpose of a chattel mortgage is to secure to the mortgagee his interest in the chattel mortgaged. If it be said that because it would enhance the value of the truck to put the repairs upon it a lien for putting on such repairs should be held to be prior to the lien of the mortgagee, it might well be that the repairs put upon the truck could reach a point where they would consume the entire selling price of the truck after such repairs were made, under which circumstances the mortgage lienor would have nothing on his lien. Moreover, the mortgagor covenanted to keep the truck in first-class condition at his own expense. We are unable to see how, upon any reasonable theory, it can be said that expenses are to be charged against the mortgagee, or made a lien prior to his, which it is expressly agreed in the mortgage should be paid by the mortgagor. To hold that the mortgagor may, without notice or consent of the mortgagee, cause an artisan's lien to be placed on a mortgaged chattel which would be a lien prior to the mortgage, would be to make it possible to entirely defeat the lien of the mortgage. Such a holding is repugnant to our whole law relating to the priority of liens. There is no implied authority to the mortgagor to cause a prior lien to be put upon a chattel by the mere stipulation in the mortgage that the mortgagor is to keep the property in repair. The relationship of agency does not exist between a mortgagor and mortgagee in any sense of that term, and there is no relationship that authorizes the mortgagor to create any liability on behalf of the mortgagee. Neither is there language in this mortgage which will admit of an agency or implied consent on the part of the mortgagee to be bound by the action of the mortgagor in causing repairs to be made on the chattel.

The contract was made between the artisan and the mortgagor without knowledge of the mortgagee. While the artisan has a lien against the mortgagor's interest in the mortgaged property, yet his lien is junior to the chattel mortgage, and if he would realize any benefit from his lien it is incumbent upon him, where the mortgagor becomes in default under the terms of the mortgage, to protect his own lien by satisfying the mortgage. Nor is this in any way a hardship upon the artisan. He can at all times know, before he puts his material and time upon the chattel, whether or not it is subject to a mortgage.

It is urged in this case that commercial necessity requires that the artisan's lien be preserved, and that where the mortgaged chattel is retained by the mortgagor, to be used in the course of the mortgagor's business, an artisan's lien should, in the nature of things, be considered prior to the mortgage. What constitutes commercial necessity is by no means easy of determination. By reason of the facility with which chattels of the character involved here can be moved, the chattel mortgage has become a very important feature of the automobile business. Large sums of money are invested in the manufacture and sale of automobiles and in the matter of loans upon them, and in the automobile business. Banks and automobile industries depend upon the chattel mortgage as a security in the sale of automobiles. It would be difficult to say that the purpose for which a car is used is more of a commercial necessity than the means of its production or the protection of mortgage liens. We know of no doctrine in the law which will countenance any necessity, commercial or otherwise, that would destroy the vested interest of a prior lien. The purpose of a mortgage is to furnish security while the mortgaged property is to be left with the mortgagor for his convenience. It is of the basis of a contract of this character that nothing should be done or permitted by the mortgagor to impair the security,

other than that which arises out of ordinary wear and tear. Courts should not, therefore, indulge in the presumption that an agreement existed between the mortgagee and the mortgagor that the mortgage lien should give way to a subsequent artisan's lien, but such should be shown by clear and cogent evidence. While the cases in this country are not in entire accord on this question, we are of the opinion that the views herein expressed are in accord with not only the greater weight of authority but the better reasoning on the subject. *Howes* v. *Newcomb,* 146 Mass. 76; *Metropolitan Securities Co.* v. *Orlow,* 140 N. E. (Ohio) 306; *Shaw* v. *Webb,* 131 Tenn. 173; *Overland Automobile Co.* v. *Findley,* 234 S. W. (Tex.) 106; *Atlas Co.* v. *Grove,* 137 N. E. (Ind. App.) 570.

For reasons herein given, the judgments of the Appellate Court and the county court are reversed and the cause is remanded to the county court.

*Reversed and remanded.*