Argued May 26; affirmed July 25; rehearing denied
September 12, 1933

## PONSLER *v.* WILSON ET AL.
### (24 P. (2d) 26)

*Will H. Masters,* of Portland, for Wentworth & Irwin, Inc.

*L. L. Ray,* of Eugene, for respondent.

BEAN, J. It appears that between May 25 and July 4, 1931, plaintiff performed work and furnished material to defendant Ed Wilson upon a Ford truck. Wilson was the record owner and in possession of the truck, as claimed by defendant Wentworth & Irwin, whom we will term the defendant when no other is named, under a conditional sales contract. On July 7, 1931, plaintiff filed a lien on the truck for his labor and materials in the sum of $272.14 in Lane county. Soon after, defendant took possession of the truck and trans-

ferred it to Multnomah county. Defendant was duly notified of plaintiff's lien. On July 29, 1931, plaintiff, following the procedure outlined in section 51-506, Oregon Code 1930, as amended by chapter 111, Laws of 1931, sent a certified copy of the lien to the sheriff of Multnomah county with instructions endorsed thereon to seize the truck and foreclose the lien by advertisement and sale. Plaintiff's attorney cooperated with the defendant in endeavoring to obtain payment for the amount of the lien from Wilson, who had ordered the work. The sheriff of Multnomah county was unable to find the truck. Defendant sold it to J. F. Campbell upon a conditional sales contract. On August 13, plaintiff instituted this suit to foreclose his lien on account of defendant refraining from informing the plaintiff where the truck was or delivering the truck to plaintiff upon demand. The defendant, by the sale of the truck to Campbell, converted the truck to its own use. The court rendered a decree foreclosing plaintiff's lien on the truck and decreed that plaintiff recover of defendant Ed Wilson the sum of $251.76, with interest at the rate of 6 per cent per annum from July 7, 1931, and $75 attorneys fees and costs, and decreed the lien to be a first lien on the motor vehicle, and decreed that defendant

"is hereby ordered and required to deliver said motor vehicle to the sheriff of Lane county, Oregon, at Eugene, Oregon, for sale in accordance with this decree and in as good repair and condition as it was in on the 7th day of July, 1931, and that such delivery be made within 20 days from the date of the entry of this decree. That, in the event of the failure of the defendant Wentworth & Irwin, Inc., to so deliver said truck, or in the event of its delivery in such condition that it may not be sold at such sale for sufficient to pay plaintiff's judgment entered herein, together with costs,

attorney's fees, and accruing costs, said defendant shall pay the said judgment, together with attorney's fees, costs and accruing costs, or any deficiency that there may be thereon after applying the proceeds of the sale of said chattel at such sale toward the satisfaction of the same, * * *''

not exceeding the value of the chattel of $500.

Defendant contends that in a foreclosure where there is no promissory note or other personal obligation there can be no personal decree in equity against one who did not order the work. Citing *McCann v. Oregon Scenic Trips Co.*, 105 Or. 213, 218 (209 P. 483). In ordinary cases this is the rule.

It is contended on the part of defendant that there was only a technical conversion on its part. But the sale of the truck by defendant to Campbell and keeping the plaintiff from obtaining possession of the same in order to foreclose his lien under the statute was more than a technical conversion.

From the very nature of the chattel it is evident that the same would depreciate and there may possibly be a deficiency upon the sale of the truck in the payment of plaintiff's lien. The correspondence between the attorney for plaintiff and the defendant plainly shows that the defendant was notified of the existence of plaintiff's lien after it obtained the truck from Wilson. Defendant was advised of plaintiff's intention to foreclose the lien by seizure and sale in a letter of July 28, 1931, which was received by defendant July 29, 1931. The endorsements on the certificate of title show that on July 29 the defendant transferred the title to defendant Campbell. Certified copy of the lien, with instructions, was forwarded to the sheriff of Multnomah county July 28, 1931, but was returned by him after a demand upon defendant for

information as to the whereabouts of the truck. Plaintiff's attorney wrote defendant, and, receiving no reply from it, plaintiff instituted this suit August 13, 1931.

The right of the plaintiff to charge the truck with his lien accrued before the defendant obtained the truck from Wilson. It therefore took the chattel subject to the burden of the lien. *Hiner v. Pitts,* 89 Or. 602, 608 (175 P. 133).

The testimony is undisputed that at the time of the institution of the suit the plaintiff did not know the whereabouts of the truck; that just before that time defendant had been in possession of the truck with actual knowledge of the existence of plaintiff's lien and of his intention to immediately foreclose the same; that defendant had parted with its possession and had refused to disclose what had been done with the motor vehicle. See *Sears v. Abrams,* 10 Or. 499.

The sheriff of Multnomah county took possession of the truck, as shown by his return on October 6, 1931, but the same was repossessed by the defendant, who still holds the legal title to the truck. The plaintiff prays for equitable relief. As the defendant sold the truck on a conditional sales contract at a time when it was of sufficient value, namely $500, to take care of the lien, with actual knowledge of the lien, we think the prayer of the complaint is sufficient to justify equitable relief against the defendant.

Section 51-501, Oregon Code 1930, gives a person, who has expended labor, skill or materials, including automobile tires, upon any chattel, or has furnished storage at the request of the owner, reputed owner or authorized agent of the owner or lawful possessor thereof, a lien upon said chattel for the contract price for all such expenditure, or for the reasonable value thereof, in the absence of a contract price, notwith-

standing the possession of such chattel has been surrendered to the owner or lawful possessor thereof.

Section 51-502 provides for filing a notice of the lien and the form thereof. Under the provisions of section 51-504 every person who is in possession of a chattel under an agreement for the purchase thereof, whether the title be in him or his vendor, and every person who is in lawful possession of a chattel, shall, for the purposes of the act providing for a lien, be deemed the owner thereof or authorized agent of the owner.

Section 51-506 provides the methods of foreclosure, sale of the property, costs, attorney's fees, a bond and alternative judgment. This section first directs that liens provided for in this act may be foreclosed by a suit in the circuit court in any county in the state of Oregon or may be foreclosed by advertisement and sale of the chattel, subject to the lien; it then directs that the person or claimant desiring to foreclose such lien by advertisement and sale shall deliver to the sheriff or any constable of the county, in which such chattel is then situate, a certified copy of the notice of lien, certified to by the county clerk where the same is filed, with the request endorsed thereon, signed by the claimant or his attorney for the foreclosure of said lien, and then directs that the sheriff or constable shall take the property described in the notice and provides the manner of sale.

Therefore two methods of foreclosure are provided. In this section, as amended by chapter 111, Laws of 1931, we find:

"provided, that the circuit court having jurisdiction in any forclosure suit shall, at the time of rendering judgment and decree of foreclosure, make and enter an

alternative decree directing the principal and surety forthwith to surrender said chattel to the sheriff or constable or, in lieu thereof, to pay the lien claimant the amount of said judgment; * * *''.

The return of the sheriff discloses that a good and sufficient undertaking was furnished by the defendant, but we do not find that the same was before the trial court. As we understand the decree, it is in effect an order for the return of the property and for an alternative judgment. Such judgment is not inhibited by the statute. In such cases ''if there is injury to property of which the lienor has not possession, he may maintain an action on the case where the injuries affect his security''. 37 C. J. 340, § 64.

The record discloses that the plaintiff's security was affected by the property being secreted, in effect, by the defendant when it refused to disclose the location thereof and sold it to Campbell. The undertaking for redelivery from the sheriff in such cases requires that the chattel be redelivered ''in like order and condition as it was when seized''. The decree of the circuit court was intended to provide for any destruction of the property by using the same so that a mere shell would be returned and the plaintiff would be precluded from realizing the satisfaction of his lien. In addition to the foreclosure, then, we have a provision in the decree for compensatory damages by the defendant under certain conditions which, however, may not occur as the truck may sell for sufficient to satisfy plaintiff's demand.

We refer to the rule in regard to the lien of a chattel mortgage as analogous to the lien in question. When the defendant refused to deliver the truck upon demand made for plaintiff by the sheriff, the conditions·

then were similar to those of a chattel mortgagee, who, after condition broken, has a right to recover possession of the chattel. *Moorhouse v. Donaca,* 14 Or. 430 (13 P. 112); *Marquam v. Sengfelder,* 24 Or. 2 (32 P. 676).

If the lien of plaintiff had been evidenced by a chattel mortgage under the general rule, he could bring trover for the mortgaged property, without a formal demand, upon the refusal of the person in possession to surrender it upon request, if the mortgagee was entitled to possession. Such a refusal amounts to a conversion of the property. Jones on Chattel Mortgages (5th Ed.) § 444; *Bank of Ogden v. Davidson,* 18 Or. 57 (22 P. 517); 30 L. J. 23; see also *Northern Brewery Co. v. Princess Hotel,* 78 Or. 453 (153 P. 37, Ann. Cas. 1917C, 612).

Under the circumstances as delineated in this case plaintiff was entitled to have the sheriff take possession of the property for him under the certified copy of the lien and instructions of the plaintiff.

In 1 Pomeroy, Equity Jurisprudence, (4th Ed.) § 237, the rule is laid down as follows:

"If a court of equity obtains jurisdiction of a suit for the purpose of granting some distinctively equitable relief, * * * and it appears from facts disclosed on the hearing, but not known to the plaintiff when he brought his suit, that the special relief prayed for has become impracticable, and the plaintiff is entitled to the only alternative relief possible of damages, the court then may, and generally will, instead of compelling the plaintiff to incur the double expense and trouble of an action at law, retain the cause, decide all the issues involved, and decree the payment of mere compensatory damages". See also Hetrick v. Gerlinger Motor Car Co., 84 Or. 133, 138 (164 P. 379).

We think a court of equity should determine the whole matter and that plaintiff should not be relegated to an action at law for the purpose of enforcing his lien. The parties have submitted themselves to the jurisdiction of a court of equity and such court, with its long arm and flexible procedure, is capable of disposing of this case on its merits. *Everson v. Haun,* 106 Or. 612, 624 (213 P. 135) ; *Ruby v. West Coast Lbr. Co.,* 139 Or. 388 (10 P. (2d) 358).

The decree of the circuit court is right and should be affirmed. It is so ordered.

CAMPBELL and BAILEY, JJ., concur.

ROSSMAN, J., dissents.

————————

BAILEY, J., specially concurring. After plaintiff attempted to cooperate with Wentworth & Irwin, Inc., hereinafter referred to as defendant, for some three weeks in endeavoring to get Wilson to pay plaintiff's claim, it became apparent that his lien would have to be foreclosed, if plaintiff were to recover for the services rendered and material he had used on the automobile. Therefore, on July 28, through his attorney, he wrote to the defendant, Wentworth & Irwin, Inc., that he was sending the necessary papers to the sheriff of Multnomah county with instruction to seize and sell the automobile according to law.

This letter was received by the defendant about 10 a. m. on July 29. On the same day the defendant transferred or attempted to transfer the car to defendant Campbell, but refused to inform the sheriff of the location of the automobile, when he demanded the car, or that it had been transferred. Later, when plaintiff by

letter requested information as to the location of the automobile, his letter was unanswered.

There is, in my opinion, sufficient evidence in the case, unexplained as it is by defendant, to support the conclusion that the defendant had, after being served with summons in this case, control over the automobile, and should either have delivered it to the sheriff for sale or answered for its value.

There was no attempt on the part of the defendant to contest the validity of the lien, its sole purpose being to prevent the automobile from being sold to satisfy plaintiff's demand. The charge in plaintiff's letter to defendant, under date of August 8, 1931, before this suit was instituted, and which letter was admitted without objection, that the defendant was "secreting the car" for the purpose of defeating plaintiff's lien, was not denied.

For the foregoing reasons I concur in the result reached by the opinion of Mr. Justice BEAN.