UNIVERSAL CREDIT COMPANY, a corporation of the State of Delaware, *v.* ANGELO M. SPINAZZOLO, doing business as Angelo's Auto Repair Shop.

*(January* 18, 1938.)

LAYTON, C. J., RODNEY and SPEAKMAN, J. J., sitting.

*C. Stewart Lynch* for plaintiff.

*Leslie H. Gluckman* for defendant.

Superior Court for New Castle County, No. 51, November Term, 1937.

RODNEY, J., delivering the opinion of the Court:

*Section* 4 of the *Uniform Conditional Sales Act, Section* 5954, *Revised Code of* 1935, is as follows:

"Every provision in a conditional sale reserving property in the seller after possession of the goods is delivered to the buyer, shall be valid as to all persons, except as hereinafter otherwise provided."

There being no material subsequent exceptions and the claim of the plaintiff being evidenced by the reserved title in the Conditional Sales Contract executed and filed of record in accordance with the Statute, and it being first in time so it will, tentatively, be assumed to grant a *prima facie* right and we will first examine the claim which disputes that right.

It is not and cannot be denied that at common law an artisan or mechanic having repaired or improved a chattel, thereby adding to its value, under a contract, express or implied, with the owner or his agent had, while the chattel remained in his possession, a lien on such chattel for the value of the labor and material expended in such repair.

Strictly speaking, the question before us is not the priority between two liens, for the plaintiff does not claim a lien but does claim the title itself by reason of the reservation of title, and the question is one of priority of an artisan's lien over a reserved title in a conditional vendor.

It is not and cannot be contended that a conditional vendee can solely by his own contract for repairs create a priority of lien over a valid and prior conditional sales contract, but some express or implied consent of the owner must be shown. Since it is admitted in the statement of facts that the plaintiff had no knowledge of the accident or of the repairs until some time after the repairs were made, so we come immediately to the single point and crux of the case—can an implied consent of a conditional vendor to the making of repairs to an automobile be presumed from the mere right of possession in the conditional vendee with the accompanying right of user? Many cases have considered the narrow question with much diversity of opinion. Many citations may be found in comprehensive notes in 20 *A. L. R.* 249; 30 *A. L. R.* 1227; 32 *A. L. R.* 1005; 104 *A. L. R.* 267; *Jones on Cond. Sales*, §§ 1122-1126; 7 *Blashfield Cyclopedia of Automobile Law, Permanent Edition*, § 5161; *Huddy on Automobiles, Vol.* 15-16, *p.* 114; 1 *Jones on Liens, Sec.* 744; *Ann. Cas.* 1916*A*, 630; *L. R. A.* 1915*D*, 1149; *L. R. A.* 1918*D*, 330. See *American Digest, Automobiles*, 383.

We can at once discard from consideration, as not material, those cases in which the Court found evidence of an express consent on the part of the person holding the prior claim. *Etchen v. Dennis & Son Garage*, 104 *Kan.* 241, 178 *P.* 408; *Broom & Son v. S. S. Dale & Sons*, 109 *Miss.* 52, 67 *So.* 659, *L. R. A.* 1915*D*, 1146.

We can also pass over those cases in which the artisan's lien arose, not as a common law lien but as a statu-

tory lien, and in which statute the vendee is either expressly made the agent of the owner, or the word "owner" is defined as the possessor rather than the legal owner, or the Court so construed them. *Pacific States Finance Corp. v. Freitas,* 113 *Cal. App.* (*Supp.*) 757, 295 *P.* 804; *Ponsler v. Wilson,* 144 *Or.* 337, 24 *P.* 2d 26; *Twin City Motor Co. v. Rouzer Motor Co.,* 197 *N. C.* 371, 148 *S. E.* 461; *Davenport v. Grundy Motor Sales Co.,* 28 *Cal. App.* 409, 152 *P.* 932; *Yellow Mfg. Accept. Corp. v. Linsky,* 99 *Ind. App.* 691, 190 *N. E.* 379, 192 *N. E.* 715; *New Hampshire Finance Corp. v. La Marche,* 85 *N. H.* 205, 155 *A.* 697; *Commercial Acc. Corp. v. Hislop Garage Co.,* (*N. H.*) 192 *A.* 627.

Many states have enacted Statutes relative to artisan's liens and we cannot so readily dismiss from consideration all cases in which the priority of lien is sought by reason of a statutory lien rather than as a common law lien, nor are we prepared to give unqualified approval to the statement in *Sullivan v. Clifton,* 55 *N. J. L.* 324, 26 *A.* 964, 965, 20 *L. R. A.* 719, 39 *Am. St. Rep.* 652, and followed in *Ruppert v. Zang,* 73 *N. J. L.* 216, 62 *A.* 998, and other cases:

"It is one of the characteristics of common-law liens which arise upon considerations of justice and policy, by operation of law, as distinguished from liens created by contract or statute, that the former, as a general rule, attach to the property itself without any reference to ownership, and override all other rights in the property, while the latter are subordinate to all prior existing rights therein."

■■ We understand that statutory liens as a general rule are subordinate to prior existing rights, but are not so clear that all common law liens attach without reference to the ownership. So far as we are aware that was true only in the case of an innkeeper or other person bound by law to serve the public. *Bennett v. Brittingham,* 3 *W. W. Harr.* (33 *Del.*) 519, 140 *A.* 154. Certainly an artisan's lien existed at common law but was dependent upon the consent, express or implied, of the owner, and no lien was ever created for repairs made at the instance of a wrong-

doer. Where a lien is provided by a Statute, which is merely declaratory of the common law and does not change the common law we see no reason why the status of the lien should be changed. Of course if the statutory language modifies the common law lien, then consideration must be given to the language of the Statute. *Watts v. Sweeney,* 127 *Ind.* 116, 26 *N. E.* 680, 22 *Am. St. Rep.* 615; *Grusin v. Stutz Motor Car Co.,* 206 *Ind.* 296, 187 *N. E.* 382; *Terminal & Town Taxi Corp. v. O'Rourke,* 117 *Misc.* 761, 193 *N. Y. S.* 238.

Some Courts have seized upon language making it the duty of the vendee to keep the chattel in repair as evidence of the implied consent on the part of the vendor to the making of such repair. So in *Keene v. Thomas,* [1905] 1 *K. B.* 136, the Court construed the words that the vendee "keep and preserve the said dog cart from injury." Other Courts have taken the precisely opposite view and hold that an affirmative promise on the part of the vendee to make the repairs effectually negatives any implied consent on the part of the vendor that a lien may be placed on the chattel which shall have priority to the vendor's claim. *Goldstein v. Mack Motor Truck Co.,* (*R. I.*) 183 *A.* 136, 104 *A. L. R.* 261; *Ehrlich v. Chapple,* 311 *Ill.* 467, 143 *N. E.* 61, 32 *A. L. R.* 989; *Baribault v. Robertson,* 82 *N. H.* 297, 133 *A.* 21.

In the present case there is no express mention of repairs in the Conditional Sales Contract, and so that question is not before us.

Even after the elimination of many cases which are obviously distinguishable there still remains an imposing list of authorities the distinction of which is more subtle.

Many cases may, directly or indirectly, be traced to the leading case of *Williams v. Allsup,* 10 *C. B.* (*N. S.*) 417, 142 *Eng. Rep.* 514. There a shipwright was determined to have priority of lien for repairs over a mortgage,

though the repairs were made at request of the mortgagor without the knowledge of the mortgagee. In that case it was, at least, a material element that the property itself was to be used for hire. Erle, C. J., said:

"I put my decision on the ground * * * that the mortgagee having allowed the mortgagor to continue in the apparent ownership of the vessel, making it a source of profit and a means of earning wherewithal to pay off the mortgage debt, the relation so created by implication, entitled the mortgagor to do all that may be necessary to keep her in an efficient state for that purpose."

Upon the same reasoning rested a leading American case of *Watts v. Sweeney*, 127 *Ind.* 116, 26 *N. E.* 680, 22 *Am. St. Rep.* 615, where the lien of a mechanic for the repair of a locomotive and tender were given priority over a mortgage, where it appeared the locomotive was in possession of the mortgagor and used in the operation of the railroad to earn money to pay the mortgage debt, and the repairs were necessary and reasonable for that purpose.

To the same effect in *Scott v. Delahunt*, 65 *N. Y.* 128; *Yellow Mfg. Acc. Corp. v. Linsky*, 99 *Ind. App.* 691, 190 *N. E.* 379, 192 *N. E.* 715; *Hammond v. Danielson*, 126 *Mass.* 294; *Weber Implement & Automobile Co. v. Pearson*, 132 *Ark.* 101, 200 *S. W.* 273, *L. R. A.* 1918*D*, 327.

Many other cases such as *Terminal & Town Taxi Corp. v. O'Rourke*, 117 *Misc.* 761, 193 *N. Y. S.* 238, and *Albermarle Supply Co. v. Heid*, [1928] 1 *K. B.* 307, really involve this same principle, but the Courts do not discuss it.

In the Conditional Sale Contract in the present case it is expressly provided that the vendee "shall not use said property for hire."

A number of cases have followed the result reached in *Williams v. Allsup, supra,* and *Watts v. Sweeney, supra,* when there was entirely lacking the material element of benefit to the mortgagee or conditional vendor growing out of the income produced from the use of the chattel, such

income to be utilized to discharge the mortgage debt. *Guaranty Security Corp. v. Brophy,* 243 *Mass.* 597, 137 *N. E.* 751; *New Britain Real Est. & Title Co. v. Collington,* 102 *Conn.* 652, 129 *A.* 780; *Meyers v. Neeley & Ensor Auto Co.,* 143 *Md.* 107, 121 *A.* 916, 30 *A. L. R.* 1224; *Terminal & Town Taxi Corp. v. O'Rourke,* 117 *Misc.* 761, 193 *N. Y. S.* 238; *Grusin v. Stutz Motor Car Co.,* 206 *Ind.* 296, 187 *N. E.* 382; *Drummond Carriage Co. v. Mills,* 54 *Neb.* 417, 74 *N. W.* 966, 40 *L. R. A.* 761, 69 *Am. St. Rep.* 719; *Ruppert v. Zang,* 73 *N. J. L.* 216, 62 *A.* 998; *De Van Motor Co. v. Bailey,* 177 *Miss.* 441, 171 *So.* 342.

We cannot agree with the conclusion that the mere possession and right of user in the vendee is sufficient to provide consent of the title-holding vendor to the furnishing of repairs so as to make the artisan's lien have priority over the vendor. The right of user arising from the character of the chattel has been seized upon by Courts as a basis from which to infer the consent of the vendor to repairs so that the use of the chattel might be continued. Where the chattel was to be used for hire and the proceeds, in theory at least, go to discharge the debt due to the vendor, we might possibly understand some implication of consent as found in *Williams v. Allsup, supra,* and other cases, although the opposite view seems to have been taken in *Goldstein v. Mack Motor Truck Co., (R. I.)* 183 *A.* 136, 104 *A. L. R.* 261. We are not passing upon this question in this case for no such situation here exists. While it is true that a truck is the vehicle involved in the present case, yet we are trying the matter on an agreed statement of facts and there is no fact before us indicative in any way of the use of the truck and our determination is on principle as if a pleasure car was involved, or other chattel merely to be used by the vendee.

When as in this case, however, no element of income is connected with the chattel then, in the absence of special

circumstances, there remains no reason that the vendor should be interested in the use or continued use of the chattel by the vendee. It is true that the conditional sale contemplates the use of the automobile but the right of user is a right of the vendee and for his benefit alone. As a matter of fact, in most instances the vendor is indifferent as to whether the car is used or not, and often the interest of the vendor is best subserved if the car is not used or the use is limited in extent. A somewhat typical case is presented by *Terminal & Town Taxi Corp. v. O'Rourke, supra.* There the claim of the conditional vendor had been reduced to $19.00. The vendee without the consent of the vendor (other than the right of user) incurred expenses of $575.00 and yet this claim was given priority over the conditional vendor.

The mere right of user alone is too tenuous a thread to carry the implied consent of the vendor when the exercise of the right militates against the interest of the vendor.

Space does not permit even the mere listing of the many cases which accept the view adopted by this Court and hold that the consent of a conditional vendor to the making of repairs by the vendee will not be implied from the mere possession by the vendee with a right of user. *Bath Motor Mart v. Miller,* 122 *Me.* 29, 118 *A.* 715; *Arnold v. Chandler Motors,* (1924) 45 *R. I.* 469, 123 *A.* 85; *Shaw v. Webb,* 131 *Tenn.* 173, 174 *S. W.* 273, *L. R. A.* 1915*D,* 1141, *Ann. Cas.* 1916*A,* 626; *General Motors Accep. Corp. v. Goldboges,* 260 *Ill. App.* 474; *Goldstein v. Mack Motor Truck Co.,* (*R. I.*) 183 *A.* 136, 104 *A. L. R.* 261; *Metropolitan Securities Co. v. Orlow,* 107 *Ohio St.* 583, 140 *N. E.* 306, 32 *A. L. R.* 992; *Scott v. Mercer Garage & Auto Sales Co.,* 88 *W. Va.* 92, 106 *S. E.* 425, 20 *A. L. R.* 246; *Ehrlich v. Chapple,* 311 *Ill.* 467, 143 *N. E.* 61, 32 *A. L. R.* 989; *Ellis Motor Co. v. Hibbler,* 219 *Ala.* 53, 121 *So.* 47; *General*

*Motors Acc. Corp. v. Sutherland,* 122 *Neb.* 720, 241 *N. W.* 281, 284.

In the Conditional Sales Contract in the present case there is the express provision that the vendee agrees "to keep the property free of all taxes, liens and encumbrances." In *General Motors Acceptance Corporation v. Sutherland, supra,* the Court considered the exact language and said "any presumption of implied authority upon the part of the conditional vendee to have repairs made upon the credit of the automobile itself would do violence to the real understanding of the conditional sale contract. This very definite provision negatives the existence of an implied agreement."

Some cases have been influenced by the thought that. the artisan's lien must be given priority from necessity because of the hardship in making a repairman inquire as to the true state of title to the chattel. This hardship in fact exists, and especially as repairs may be needed beyond the limits of the State where the reservation of title is filed or recorded.

On the other hand, the repairs are voluntary on the part of the artisan and he is charged with notice of a properly filed conditional sale contract. It is a matter of common knowledge that Conditional Sales Contracts including reservation of titles, are freely assigned and used as security in the business world, and neither a change in the priority of liens nor the giving to a lien priority over an existing reservation of title should lightly be made. *Ehrlich v. Chapple,* 311 *Ill.* 467, 143 *N. E.* 61, 32 *A. L. R.* 989.

The Supreme Court of the United States in *Rankin v. Scott,* 12 *Wheat.* 177, 179, 6 *L. Ed.* 592, said

"The principle is believed to be universal, that a prior lien gives a prior claim, which is entitled to prior satisfaction, out of the subject it binds, unless the lien be intrinsically defective, or be displaced by some act of the party holding it, which shall postpone him, in a court of law or equity, to a subsequent claimant."

Many States have statutes indicating the priority between artisan's liens and claims resembling the reserved title of the conditional vendor.

If in this State the priority of claims, as shown by the date of the lien or claim, should be changed without the clearly evidenced intention of the holder of the first lien or claim, then we think the Legislature should bring about such a result.

We see no reason to depart from the maxim "Prior tempore potior jure—he who is first in time is preferred in right." See *Ferris v. Chic-Mint Gum Co.*, 14 *Del. Ch.* 232, 124 *A.* 577.

We are aware that in this case certain expressions have been used which would seem to be pertinent on the question of priority between the artisan's lien and the reserved title of the vendor. We are also aware that the direct question of the implied consent of the vendor to the making of the repairs, which consent arose merely from the right to user in the vendee, would seem to affect the right to an artisan's lien rather than to its priority, as compared with the vendor's reservation of title. It has been held in Delaware, however, that the interest of a conditional vendee is more than a possessory interest. It has been held that interest of the vendee could be levied on [*E. L. Jones & Co. v. Unruh*, 7 *W. W. Harr.* (37 *Del.*) 241, 182 *A.* 211; *Starr v. Govatos*, 3 *W. W. Harr.* (33 *Del.*) 66, 130 *A.* 392] and the statute itself expressly provides:

"Unless the contract otherwise provides, the buyer may, without the consent of the seller, * * * sell, mortgage or otherwise dispose of his interest in [the chattel]." *Rev. Code* 1935, § 5963.

The question is not before us as to whether or not the conditional vendee may have such an interest as would sustain an artisan's lien created under a contract by him, said lien being effective against everyone except a non-

assenting conditional vendor, or whether if the claim of the vendor is obliterated by payment in full, assignment, or by his voluntary relinquishment, that then the interest of the vendee may not expand to the fullest extent to sustain the lien created by his own contract for repairs.

This Court having arrived at the conclusion that the mere right of user vested in the vendee of an automobile is not sufficient to supply the consent of a conditional vendor so as to subject the automobile to an artisan's lien, and the agreed statement of facts having provided in such case that the judgment shall be entered for the plaintiff for the return of the truck, so an order will accordingly be made.

In order, however, that any interest of the artisan may be protected, the entry of the order of judgment will be deferred for two weeks.

The artisan may by assignment or by appropriate proceedings looking toward subrogation, or otherwise, determine his rights as against the conditional vendee who ordered the repairs to be made.